IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

STATE OF TENNESSEE,              )    FOR PUBLICATION
)
         Appellee,        )    FILED:
)
v.                         )    DAVIDSON COUNTY
)
HENRY EUGENE HODGES,     )    HON. WALTER C. KURTZ, JUDGE
)
         Appellant.       )    NO. 01-S-01-9505-CR-00080

FILED

April 28, 1997

Cecil W. Crowson
Appellate Court Clerk

DISSENTING OPINION

I dissent because I cannot agree with the majority of my colleagues in holding that the erroneous jury instructions constituted harmless error. To the contrary, I conclude that the instructions were indeed harmful and more probably than not affected the jury's verdict.

In instructing the jury, the trial court committed two errors. First, the trial court instructed the jury that the mitigating circumstances had to be "proven." Second, the court identified the defendant as the party who had submitted certain nonstatutory mitigating issues for the jury's consideration.

In State v. Odom, we held that the trial court must initially determine whether the evidence proffered is relevant to mitigation. State v. Odom, 928 S.W.2d 18, 31 (Tenn. 1996). If the trial court concludes that a circumstance is mitigating in nature, it must then determine whether the mitigating circumstance was raised by the evidence. Id. If found to be raised by the evidence and if the defendant specifically requests an instruction on that

circumstance, the trial court, as mandated by Tenn. Code Ann. § 39-13-204(e)(1), must include the mitigating circumstance in the jury instructions.

In reviewing the trial court's instructions in the case under submission, it is abundantly clear to me that the trial court did not make the requisite determinations. By instructing the jury that a mitigating circumstance must be "proven," the trial court, in effect, restricted the jury's consideration of the nonstatutory mitigating factors that may have been raised by the evidence: that is, the instructions were likely to lead a juror to conclude that he or she should not consider such mitigating circumstances unless "proven."

Tennessee Code Annotated § 39-13-204(e)(1) provides: "No distinction shall be made between mitigating circumstances as set forth in subsection (j) and those otherwise raised by the evidence which are specifically requested . . . to be instructed to the jury." Instructions must be drafted so that the statutory mitigating circumstances are <u>indistinguishable</u> from the nonstatutory mitigating circumstances. <u>Odom</u>, 928 S.W.2d at 32.

As to mitigating circumstances, the trial court instructed the jury as follows:

> In arriving at the punishment, you, the jury, shall consider, as heretofore indicated, any proven mitigating circumstances which shall include the following . . . any aspect of the Defendant's character or record or any aspect of the

2

> circumstances of the offense
> favorable to the defendant, which is
> supported by the evidence.
>
> . . . .
>
> In determining mitigating factors,
> you are to consider the above. In
> addition, <u>the defense has submitted</u>
> the following issues for your
> consideration. They are to be
> considered, if you believe they have
> been proven and are mitigating or
> favorable to the defense or reduce
> his blameworthiness. (Emphasis
> added).

I find this instruction contrary to the legislative imperative. As this Court expressed in <u>Odom</u>,

> the legislature intended this
> language as a mandate to the trial
> court to place all mitigating
> circumstances--statutory and
> nonstatutory--on equal footing
> before the jury. . . . [T]he trial
> court is prohibited from revealing
> to the jury that a request was made,
> nor should the trial judge identify
> the party(ies) making the request.
> <u>Only strict adherence to the letter
> and the spirit of the statute will
> permit the sentencing procedure to
> attain that degree of integrity that
> is legislatively intended.</u>

<u>Odom</u>, 928 S.W.2d at 31-32 (emphasis added). These jury instructions clearly did not conform to the requirements of the statute. To reiterate, from my review of the record in this case, I conclude that such errors were harmful and more probably than not affected the jury's verdict. Accordingly, I would reverse the sentence of death and remand this cause for a new sentencing hearing.

_____
ADOLPHO A. BIRCH, JR., Chief Justice